**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARVIN JENKINS,**
    **Petitioner**

**-vs-**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS, et al.,**                              **Case No. 6:04-cv-1775-Orl-28DAB**
    **Respondents**
_____/

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR LEAVE TO INTERVIEW JUROR (Doc. No. 35)**
>
> **FILED:** August 16, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION TO INVOKE DISCOVERY (Doc. No. 40)**
>
> **FILED:** October 4, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In these related motions, Petitioner seeks certain discovery in aid of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging his 2001 state court conviction for aggravated assault. Petitioner seeks 1) leave to "conduct an informal interview" and additional discovery of one of the jurors in the state case; 2) to depose certain fact "witnesses to the events in this case"; 3) the issuance of subpoenas for any medical records of the victim of the assault, regarding

this incident as well as any prior incidents; and 4) leave to depose the victim. The motions are **denied.**

*The juror*

Claim One of the Petition filed in this case alleges that Petitioner's trial counsel was ineffective in failing to voir dire a particular juror. Petitioner now seeks to interview or depose that juror regarding her "potential biases" as a result of the juror's experience as a crime victim, disclosed by the juror in voir dire.[1] The Court finds, however, that conducting such an inquiry six years after the trial does not bear on the issue at hand: namely, whether counsel, based on the circumstances at trial, was constitutionally ineffective in his conduct of jury selection. As such, good cause has not been established pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, or otherwise.

*Discovery from trial witnesses and the victim*

The remaining discovery requests are likewise unsupportable. Petitioner's counsel appears to be trying to rely on the *pro se* Petition to support counsel-led discovery, without actually endorsing the claims alleged prior to counsel's involvement. Even so, the Supreme Court has stated that "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). A petitioner seeking discovery must show that he has been "reasonably diligent in trying to develop the factual record while in state court." *Isaacs v. Head*, 300 F.3d 1232, 1249 (11th Cir. 2002); *Crawford*

---

[1] The transcript indicates that following disclosure by the juror that she was a victim of a rape and participated in a court martial relating to the event, she was asked by the Court: "Is there anything about that proceeding or that incident that would affect your ability to be a fair impartial juror in this case? And let me be more specific about that. Can you listen to the testimony of the witnesses, and weigh the testimony, without regard to that particular incident, and follow the instruction that the Court gives you, without regard to anything that you learned as a result of that proceeding?" She answered: "Yes, I could."(Appendix, cited by Petitioner at Doc. No. 35, p. 2).

*v. Head*, 311 F.3d 1288 (11th Cir. 2002). Here, Petitioner has not shown "why the discovery that he seeks now is any different from the discovery that was available to him in state courts." *Isaacs*, 300 F.3d at 1250. Moreover, the entire tenor of the motion is an improper effort to re-litigate the state court trial, rather than address the ineffective assistance claim itself. As such, the motion is denied. *Barefoot v. Estelle*, 463 U.S. 880, 887,103 S.Ct. 3383, 77 L.Ed 2d 1090 (1983) (federal courts "are not forums in which to relitigate state trials.").

Although not filed as a separate motion, Respondent's incorporate two requests for relief in their response papers:

> **MOTION:** **MOTION TO STRIKE PETITIONER'S REPLY (Doc. No. 42)**
>
> **FILED:** **October 24, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION TO COMPEL PROPER SERVICE (Doc. No. 42)**
>
> **FILED:** **October 24, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**. As Petitioner is now represented by counsel, Petitioner's counsel is relieved of the obligation to serve respondents by United States mail, consistent with the Administrative Order regarding CMECF (*See* Appendix to Local Rules, January 17, 2006, Administrative Procedures For Electronic Filing in Civil and Criminal Cases).

Petitioner shall have **THIRTY (30) DAYS** from the date of this Order in which to submit all material he wishes the Court to consider in support of his Petition. Respondents shall have **THIRTY (30) DAYS** from any such filing in which to file a response. The Court will then take the matter under advisement, in due course.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record